## ZEILER v. JACKSON.

No. 5389.   Opinion Filed September 28, 1915.

(151 Pac. 1069.)

1.   **JUSTICES OF THE PEACE—Appeal—Amendment of Pleading —Discretion.** In the trial of a cause de novo in the county court, upon appeal from a justice of the peace, after the jury had been impaneled, and the plaintiff's testimony had been introduced, an application to amend the bill of particulars was made and granted upon terms, requiring the payment of the costs accrued up to the time of making the application, and the trial was continued for the term. **Held,** not an abuse of discretion to allow such amendment and upon such terms.

2.   **SAME.** Section 5417, Rev. Laws 1910, authorizes an amendment of the bill of particulars "before the trial or during the trial, and upon appeal, to supply any deficiency or omission in the items, when by such amendment substantial justice will be promoted."

3.   **JUSTICES OF THE PEACE—Appeal—Jurisdiction—Offset.** In the trial of an appealed case in the county court, plaintiff asked and was given leave to file an amended bill of particulars, in which items of claim were set out in excess of $200, the limit of the jurisdiction of the justice of the peace court. Upon the trial it was found that there was due the plaintiff an amount in excess of $200, and that the defendant was entitled to an offset of $91.40. The amount of the offset was deducted from the total amount found due the plaintiff, and judgment rendered for the difference.

**Held** error; that the offset shoud have been deducted from $200, the greatest amount plaintiff could have recovered under his pleadings, and judgment rendered for the balance, viz., $108.60.

(Syllabus by Galbraith, C.)

*Error from County Court, Grant County;*
*J. W. Bird, Judge.*

Action by J. N. Jackson against John Zeiler. Judgment for plaintiff, and defendant brings error. Modified and affirmed.

*F. G. Walling* and *J. B. Drennan,* for plaintiff in error.

*Sam P. Ridings, C. S. Ingersoll,* and *A. C. Glenn,* for defendant in error.

Opinion by GALBRAITH, C. This is an appeal from the judgment of the trial court rendered upon the report of a referee to whom the cause had been referred for trial with authority to make findings of fact and conclusions of law.

The history of the lawsuit, briefly, is as follows: Both the plaintiff and defendant are farmers, living in the same neighborhood in Grant county, Okla. During the year 1911 there was an exchange of work between Zeiler and Jackson; some of the work for Zeiler being performed by Jackson and some performed by Jackson's son, Russell. Upon attempt at settlement, there was a disagreement and a dispute over the mutual accounts between them, which led to the filing of two suits in the justice court against Zeiler, one by Russell Jackson and one by J. N. Jackson. A judgment was rendered against Zeiler in each of these actions in the justice court and they were appealed to the county court, the suit of Russell Jackson against Zeiler being called and tried first in the county court. In that suit Zeiler, in his testimony, admitted that Russell

Jackson performed work and labor for him, but denied that he owed Russell for this work and labor, contending that he contracted for it with his father, J. N. Jackson, and that he owed the latter for the same. The jury returned a verdict for the defendant, and thereby found that Zeiler's contention was true that he did not owe Russell Jackson the account sued upon. Before the verdict in the Russell Jackson case had been returned, the case of J. N. Jackson against Zeiler was called for trial and a jury impaneled, and the plaintiff's evidence introduced. When J. N. Jackson was advised of the verdict in the Russell Jackson case he immediately made application to the court for permission to amend his bill of particulars so as to add thereto the item of work and labor sued for by Russell Jackson. The court granted this application upon terms, that is, the plaintiff was allowed to amend his bill of particulars so as to include those items upon the payment of the costs of the trial up to the time the application for amendment was made, and the jury was discharged and the cause continued, and by agreement of the parties was ordered to a referee for a trial. In the plaintiff's amended bill of particulars filed by permission of the court he sets out claims aggregating the sum of $248.40, but specifically stated that "he hereby releases any and all sums in excess of $200 of said claim," and the prayer was for the sum of $200 and costs. After hearing the testimony the referee reported that he found Zeiler owed J. N. Jackson the sum of $272.60, and that Zeiler was entitled to a credit or offset in the sum of $91.40, and that there was a balance due Jackson in the sum of $181.40, for which sum he recommended that judgment be entered, also that the referee's fee be divided equally between the parties. Upon motion the court rendered judgment upon the report of the referee, confirming the same, and ordered that J. N.

Jackson recover from John Zeiler the sum of $181.40 and interest, and that the referee be allowed $30, half of which was to be paid by each of the parties plaintiff and defendant, and the remaining costs taxed to the defendant. To review this judgment Zeiler has perfected an appeal to this court.

It is contended on behalf of the plaintiff in error that the court erred in permitting Jackson to amend his bill of particulars after the trial had commenced and all of his evidence had been introduced to the jury, especially since the purpose of the amendment was to permit him to include in his account three charges, aggregating the sum of $133, which had been sued for by Russell Jackson, and in which suit the verdict of the jury had been returned for the defendant, counsel contending that, inasmuch as J. N. Jackson was a witness in that suit, the finding and verdict of the jury therein was *res adjudicata,* and those items could not be again litigated in this action, and citing numerous authorities in support of this contention. None of these authorities are in point. Now, as to the amendment, one of the essential elements in the rule of *res adjudicata* is that the former litigation must have been between the same parties. That element is absent in this instance. The former suit was not between the same parties as those in this action. Section 5417, Rev. Laws 1910, governing proceedings in the justice court, provides as follows:

"The bill of particulars may be amended at any time before the trial, or during the trial, or upon appeal, to supply any defects or omissions in the items, when, by such amendment, substantial justice will be promoted."

This statute clearly gave the court the right to permit the bill of particulars to be amended as was done in this instance, since it appears that to do so tended to promote

substantial justice. It will be remembered that 'the order
allowing the amendment was upon terms, and that the
plaintiff, Jackson, was required to pay the costs of the
trial up to the time of making application for amendment,
and then the cause was continued in order to give Zeiler
time to prepare to meet the new matter set up in the amend-
ed pleadings. So much for the action of the court in per-
mitting the pleading to be amended.

The contention that the items sued for by Russell Jack-
son could not be included in this suit of J. N. Jackson is
not well taken. Zeiler, in the former suit, that of Russell
Jackson, contended that he did not owe Russell Jackson
the amount of these items, and the jury found that he was
right, but they did not find thereby that he did not owe J. N.
Jackson the amount of these items; permitting J. N. Jack-
son to include them in his amended bill of particulars was
in no way prejudicial to Zeiler, and in no manner attacked
the verdict of the jury in the former action. In fact, it
recognized the integrity of such verdict and the good faith
of Zeiler in that action in contending that he did not owe
these items to Russell Jackson. He admitted that he had
the benefit of the labor for which these items were charged,
but denied that he contracted to pay same to Russell Jack-
son, and therefore did not owe him. It will be presumed
that he owed some one for these items, unless he had paid
for them, and he was given full opportunity to show such
payment, either in work or money, in this action. In fact
it was found that he had discharged $91.40 of this indebt-
edness to J. N. Jackson. The plaintiff in this action was
not a party to the former suit. The fact that he was a
witness in the former suit did not estop him from claiming
in this that the items involved in that suit were due and
owing to him.

It appears from the face of the record that there is one error that should be corrected in the interest of substantial justice. In the amended bill of particulars Jackson set out claims in excess of $200, but specifically released and waived all amounts in excess of $200. The referee found, after considering the mutual accounts, that Zeiler was entitled to a credit of $91.40. Now, since Jackson had waived all amounts in excess of $200, it seems that the amount for which Zeiler was entitled to credit should have been deducted from the $200, and therefore the amount of the judgment in favor of the plaintiff should not be $181.40, but for the balance after deducting the credit from $200, or $108.60.

We, therefore, recommend that the judgment be modified in compliance with the above statement, and, as so modified, should be affirmed, and that the costs of this appeal be equally divided, as provided in section 5261, Rev. Laws 1910.

By the Court: It is so ordered.